# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**KELSEY JENNINGS**  **PLAINTIFF**

**VS.**  **CIVIL ACTION NO. 4:10cv192-HTW-LRA**

**WARDEN DALE CASKEY, ET AL**  **DEFENDANTS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Kelsey Jennings [hereinafter "Plaintiff"] filed a Complaint pursuant to 42 U.S.C. Section 1983 on November 19, 2010, naming several officers at the East Mississippi Correctional Facility [EMCF] in Meridian, Mississippi, as Defendants. Process was issued for these persons, and the United States Marshals Service attempted to serve them at the EMCF. The summonses were returned unexecuted on April 21, 2011, with the notation that these individuals no longer worked at the facility.

On April 5, 2012, the undersigned entered an Order directing Plaintiff to provide a current address for the named Defendants by April 18, 2012, in order that service of process could be executed. Alternatively, he was directed to show cause as to why his Complaint should not be dismissed due to his failure to cause service to be made on these Defendants. Plaintiff has not responded to that Order, and the undersigned presumes that he no longer wishes to proceed with this lawsuit.

It is the opinion of the undersigned that this case should be dismissed *sua sponte* for Plaintiff's failure to prosecute his case by not having caused process to be served within 120

days after filing the Complaint and by not having complied with the Court's April 5, 2012, Order, ECF No. 16.

FED.R.CIV.P.4(m) provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff--- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period....

The time period for serving process originally expired on or about August 12, 2011, 120 days after the United States Marshal was directed to serve the Complaint. Even using the date the summonses were returned unexecuted, Plaintiff still should have caused process to be served on or before August 21, 2011. The Court has not previously dismissed the case because prisoner plaintiffs are given great latitude in effecting process due to their incarceration. However, Plaintiff has not responded to the April 5, 2012, Order, and the Court must presume that he does not wish to proceed.

It is the opinion of the undersigned that this case should be dismissed without prejudice due to Plaintiff's failure to have process served and by his failure to abide by the Order of this Court.

This Court has the authority to dismiss an action for failure of a Plaintiff to prosecute or to comply with any order of the Court both under FED. R. CIV. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its

calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Link*, *supra*, 370 U.S. at 630.  The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

For these reasons, it is the opinion of the undersigned that the Complaint filed by Plaintiff should be dismissed without prejudice pursuant to  FED. R. CIV. P.  4(m) and FED. R. CIV. P. 41(b), should he not object to this Report and Recommendation within fourteen days and show good cause as to why his case should not be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636;  Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 8th day of October 2013.

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE